UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM GIBBS and JOHN WAGNER,<br><br>Plaintiffs,<br><br>vs.<br><br>RIVERS TRANSPORTATION GROUP, INC., et al.,<br><br>Defendants. | 2:13-cv-00935-JAD-NJK<br><br>**O R D E R** |

This matter is before the Court on Plaintiffs' Motion to Compel (#39). For the reasons discussed below, the Court hereby **DENIES** Plaintiff's motion **without prejudice.**

## DISCUSSION

**A.   Meet and Confer**

The initial inquiry with any motion to compel is whether the moving party made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7.

Here, Plaintiffs represents that on November 8, 2013, they met with Defendants in person in an attempt to resolve "Defendants' unwillingness to produce the requested general ledgers." Docket No. 39-1, at 1. Based on Plaintiffs' own motion, however, the requested responses are not

due until November 19, 2013. See Docket No. 39, at 8. Therefore, the referenced meet and confer occurred before any dispute actually arose and it was not proper. As of the date of this order, Defendants still have 4 days to respond to the discovery requests. Although Plaintiffs assert that they "do not believe this present Motion to Compel is in any way premature," the Court disagrees. *See id*. The parties cannot hold a proper meet and confer 11 days before the alleged discovery dispute could possibly arise. Further, the Court cannot compel Defendants to produce documents that are not yet due. For this reason, the Court denies Plaintiffs' Motion without prejudice.

**B.     Requested Discovery**

Plaintiffs have also not set forth precisely what discovery they are seeking. Under LR 26-7, "[a]ll motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any." Plaintiffs have neither set forth the text of their discovery requests or the responses thereto - primarily because responses are not yet due. Accordingly, the Court cannot determine whether the requests were proper nor whether the forthcoming responses will be proper. The Court denies Plaintiffs' Motion for this reason in addition to the failure to meet and confer.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel , Docket No. 37, is DENIED without prejudice.

IT IS FURTHER ORDERED that all parties in this litigation must fully comply with all local and federal rules, specifically the meet and confer requirements of Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 26-7(b). Failure to do so may result in the imposition of sanctions under Fed.R.Civ.P. 16.

DATED this  14th   day of November, 2013.

NANCY J. KOPPE
United States Magistrate Judge