UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| WILLIAM GIBBS and JOHN WAGNER, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:13-cv-00935-JAD-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| RIVERS TRANSPORTATION GROUP, INC., et al., | ) | **O R D E R** |
| | ) | |
| Defendant(s). | ) | |

Before the Court is Defendants Thomas Roll's and Gryphon Holdings, LLC's ("Defendants") Motion to Compel Deposition of Plaintiff John Wagner and for Sanctions Against Him and His Counsel. Docket No. 42. The Court has considered Defendants' motion and all exhibits attached thereto. Plaintiff's response was due January 10, 2014. Docket No. 45. To date, Plaintiff has not filed a response. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2. For the reasons discussed below, Defendants' motion is hereby GRANTED.

**I.   BACKGROUND**

On August 11, 2013, Defendants' counsel served Plaintiff John Wagner with a notice to appear for deposition on September 23, 2013, in Florida. Docket No. 42, at 3. On September 9, 2013, Plaintiff Wagner's counsel requested that the deposition be continued. *Id*. Defendants declined that request and confirmed the September 23, 2013, date. *Id*. On September 11, 2013, the parties agreed

1  to move the deposition from Florida to Las Vegas. *Id.*, at 4. Additionally, Plaintiff's counsel
2  reiterated that Plaintiff could not make the September 23, 2013, date. *Id.*  Thereafter, Defendants
3  moved Plaintiff's deposition to October 29, 2013. *Id.*  On October 15, 2013, Plaintiff's counsel
4  informed Defendants that Plaintiff could not commit to October 29, 2013, for his deposition. *Id.*, at
5  5. The parties then agreed to November 8, 2013, for Plaintiff's deposition. *Id.*, at 6.  On October 16,
6  2013, Plaintiff's counsel emailed Defendants' counsel that Plaintiff committed to have his deposition
7  taken on November 8, 2013, in Law Vegas. *Id.*  Approximately two weeks later, on October 31,
8  2013, Plaintiff's counsel again emailed Defendants' counsel with yet another request to reschedule
9  the deposition. *Id.*, at 7.  Defendants' counsel denied that request, noting that Plaintiff did not
10  provide any reason for why the deposition should be rescheduled. *Id.*  On November 7, 2013,
11  Defendants' counsel flew to Las Vegas for Plaintiff's deposition, which was scheduled to take place
12  the following day. *Id.*  After Defendants' counsel arrived in Las Vegas, Plaintiff's counsel called to
13  inquire whether Defendants intended the deposition to occur the next day. *Id.*, at 8. Defendants'
14  counsel confirmed that he was in Las Vegas and intended the deposition to go forward. *Id.*  The next
15  day, Defendants' counsel, Defendant Thomas Roll, and Plaintiff's counsel appeared for the
16  deposition. *Id.*  Plaintiff's counsel informed Defendants' counsel and Defendant Roll that Plaintiff
17  Wagner would not attend. *Id.*

18  On November 21, 2013, Defendants filed the instant motion seeking a court order compelling
19  Plaintiff Wagner to appear for deposition. Docket No. 42. Additionally, Defendants requested an
20  award of sanctions in the amount of the costs and fees incurred in attending the November 8, 2013,
21  deposition. *Id.*  A response to Defendants' motion was originally due December 8, 2013, but on
22  December 5, 2013, the parties filed a stipulation requesting an extension to the response deadline.
23  Docket No. 43. The Court granted that request and set a new response deadline of January 10, 2014.
24  Docket No. 45. Plaintiffs failed to file a response by the court-set deadline. As of the date of this
25  order, no response has been filed.
26  . . .
27  . . .
28  . . .

## II. DISCUSSION

### A. Deposition

Plaintiff's failure to file a response constitutes a consent to granting Defendants' motion. *See* Local Rule 7-2 ("[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion"). Accordingly, the Court hereby GRANTS Defendants' motion and orders Plaintiff Wagner to appear for deposition within 14 days.

### B. Sanctions

Pursuant to Fed.R.Civ.P. 37(d)(3), if a party fails to attend his own deposition,

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Here, Plaintiff failed to attend his depositions. Additionally, as discussed above, Plaintiff failed to object to sanctions. Accordingly, the Court finds that sanctions are appropriate.

## III. CALCULATING SANCTIONS

### A. Attorneys' Fees

Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court computes the "lodestar" figure by multiplying the reasonable hourly rate by the number of hours expended. *Hensley*, 461 U.S. at 433. Next, the court considers whether to adjust the lodestar figure based on the relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975). In the District of Nevada, the *Kerr* factors have been codified in LR 54-16(b)(3). *Johnson v. Incline Village Gen. Improvement Dist.*, 5 F. Supp. 2d 1113, 1116 (D. Nev. 1998).

The *Kerr* factors are: (1) the time and labor required; (2) the novelty and the difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability of the case; (11)

- 3 -

the nature and length of the professional relationship with the client; and (12) award in similar cases. *Kerr*, 525 F.2d at 70; *see also* LR 54-16.

Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted); *see also Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

**1. Hourly Rate**

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n. 6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984). To inform and assist the court in the exercise of its discretion, the party requesting fees should submit evidence to support the rates as well as the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir.1987). A rate determined through affidavits is normally deemed to be reasonable. *Blum*, 465 U.S. at 895–96 n. 11.

Here, Defendants' counsel, Ross Spector, submitted a declaration indicating that he bills at $350 an hour. Plaintiffs have not objected to this hourly rate. Further, the Court, having reviewed Mr. Spector's credentials, concludes that a billing rate of $350 per hour is reasonable.

Next, Defendant Thomas Roll, the Vice President of Defendant Gryphon Holdings, LLC dba Gryphon Airlines ("Gryphon") and a principal at Myers & Porter APC, which serves as corporate counsel to Gryphon, submitted a declaration indicating that he attended the "no show" deposition in his capacity as corporate counsel for Gryphon. Mr. Roll submitted a declaration indicating that

- 4 -

1  he bills at $350 an hour, but in this matter he has discounted his rate to $250 an hour.  Plaintiff has
2  not objected to this hourly rate nor to his attendance as corporate counsel for Gryphon.  Further, the
3  Court, having reviewed Mr. Roll's credentials, concludes that a billing rate of $250 per hour is
4  reasonable.

### 2.    Hours Expended

Next, the Court must determine whether the hours expended are reasonable.  The moving party therefore should provide the Court and opposing party with its relevant billing statements.  *See Roush v. Berosini*, 66 Fed. Appx. 725, 726 (9th Cir. 2003).  However, an award of attorneys' fees may be based on the affidavits of counsel, so long as they are "sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); quoting *Williams v. Alioto,* 625 F.2d 845, 849 (9th Cir. 1980) (per curiam), *cert. denied,* 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981); *accord Sablan v. Department of Fin. of N. Mariana Islands,* 856 F.2d 1317, 1322 (9th Cir. 1988) ("sufficiently detailed to provide an adequate basis for calculating the award"); *Shakey's Inc. v. Covalt,* 704 F.2d 426, 435 (9th Cir. 1983) ("ample evidence to support the attorney's fee award"); *Manhart v. City of Los Angeles,* 652 F.2d 904, 908 (9th Cir. 1981) ("sufficiently detailed to provide a basis for the award"), *vacated on other grounds,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983). The Court may then evaluate the fee amount requested and determine if the hours expended are reasonable for the work done.  *See Henry,* 983 F.2d at 946.

Here, Mr. Spector represents that he spent a total of 4.5 hours on November 7, 2013, traveling and preparing for the deposition, and an additional 5 hours on November 8, 2013, attending the "no show" deposition, engaging in subsequent dialogue with Plaintiff's counsel, and returning home to the Bay Area. Docket No. 42-1, at 9.  In light of the fact that Plaintiff did not object to these hours, the Court finds that 9.5 hours is a reasonable amount to expend on traveling, attending, and preparing for the "no show" deposition in this case. Therefore, the Court will not deduct hours from these hours submitted.

. . .

. . .

1    Mr. Spector further represents that he spent a total of 6 hours preparing the instant motion,
2 which the Court finds reasonable, and he expected to spend an additional 3 hours in connection with
3 the reply brief. *Id*. No reply brief is necessary. Accordingly, the Court will deduct 3 hours for the
4 hours expended in connection to this motion.

5    Based on multiplying the reasonable hourly rate of $350 by the reasonable hours expended
6 of 15.5 (9.5 + 6), the reasonable "lodestar" figure for Mr. Spector is $5,425. The Court has
7 considered the relevant *Kerr* factors and finds that legal and factual issues in this case do not warrant
8 an adjustment to the "lodestar" figure in either direction. *See Kerr*, 525 F.2d at 70.

9    Mr. Roll represents that he spent a total of 5 hours on November 7, 2013, traveling and
10 preparing for the deposition and an additional 6.5 hours on November 8, 2013, attending the "no
11 show" deposition, engaging in subsequent dialogue with Plaintiff's counsel, and returning home to
12 Orange County. Docket No. 42-3. In light of the fact that Plaintiff did not object to these hours, the
13 Court finds that 11.5 hours is a reasonable amount to expend on traveling, attending, and preparing
14 for the "no show" deposition in this case. Therefore, the Court will not deduct hours from these
15 hours submitted.

16    Based on multiplying the reasonable hourly rate of $250 by the reasonable hours expended
17 of 11.5, the reasonable "lodestar" figure for Mr. Roll is $2,875. The Court has considered the
18 relevant *Kerr* factors and finds that legal and factual issues in this case do not warrant an adjustment
19 to the "lodestar" figure in either direction. *See Kerr*, 525 F.2d at 70.

20    Accordingly the Court grants an award of attorneys' fees in the amount of $8,300.

21    **B.    Costs**

22    Mr. Spector has submitted an affidavit and attached receipts indicating that his plane ticket
23 to Las Vegas cost $555.80 and the court reporter cost $465. Docket No. 42-2, at 8-9. Additionally,
24 he requests reimbursement at the current Internal Revenue Service / United States General Service
25 Administration Rate of $163 per day for the Las Vegas region ($92 for lodging and $71 for meals
26 and incidental expenses); however, he asserts that his actual expenses were greater than $163 per
27 day. *Id*. Having reviewed the matter, the Court finds that Mr. Spector's costs were reasonable. The
28 Court will award $555.80 for his flight, $465 for the court reporter, $92 for his one night of lodging,

1  and $142 for meals and incidental expenses during the two days he was in Las Vegas. Mr. Spector's
2  costs total $1,254.80.
3        Defendant Roll requests the current Internal Revenue Rate of $0.565 per mile for his 556
4  mile round-trip drive to Las Vegas from Orange County as well as the current Internal Revenue
5  Service / United States General Service Administration Rate of $163 per day for the Las Vegas
6  region ($92 for lodging and $71 for meals and incidental expenses). *Id.*, at 3. He represents, however,
7  that his actual expenses were higher than this. *Id*. Having reviewed the matter, the Court finds that
8  Mr. Roll's costs were reasonable. The Court will award $314.14 ($.0565 x 556) for travel, $92 for
9  Mr. Roll's one night of lodging, and $142 for meals and incidental expenses during the two days he
10 was in Las Vegas. Mr. Roll's costs total $548.14.
11       Accordingly, the Court grants an award of costs in the amount of $1,802.94.
12     **C.**    **Party Responsible to Pay Fees**
13       Defendants ask the Court to award sanctions against both Plaintiff Wagner and his counsel.
14 Docket No. 42, at 10. Neither Plaintiff nor his counsel has objected to this request. Further, the
15 Court finds that both Plaintiff Wagner and his counsel were responsible for the actions that caused
16 Defendants to incur the above expenses. Therefore, the Court orders that sanctions are awarded
17 against both Plaintiff Wagner and his counsel.
18 **IV.**    **CONCLUSION**
19       Based on the foregoing, and good cause appearing therefore,
20       IT IS HEREBY ORDERED that Defendants' Motion to Compel Deposition of Plaintiff John
21 Wagner and for Sanctions Against Him and His Counsel (Docket No. 42) is GRANTED.
22       IT IS FURTHER ORDERED that sanctions in accordance with this order are due forthwith.
23       DATED this _17th_ day of January, 2014.

                                                  NANCY J. KOPPE
                                                  United States Magistrate Judge